BRETTA SVANSON V. CITY OF OMAHA.

FILED JANUARY 2, 1894. No. 5387.

Municipal Corporations: DAMAGES BY CHANGING GRADE OF STREET. After the grade of a street had been established a lot-owner adapted his building on his lot to conform to the grade. Afterwards a new grade was established, by reason of which the front of his building was left more than fifteen feet above the street. *Held*, That a clear preponderance of the evidence showed that the damages to the property greatly exceeded the special benefits.

ERROR from the district court of Douglas county. Tried below before FERGUSON, J.

*B. G. Burbank*, for plaintiff in error.

*W. J. Connell* and *E. J. Cornish, contra.*

MAXWELL, C. J.

The plaintiff in June, 1890, was the owner of the south half of lot 15, in block 8, in Kountz & Ruth's addition to Omaha, and had erected thereon a large wooden building, nearly two stories in height, with a brick basement. It appears from the evidence that the grade was established in 1883 and a change made in 1887, and she built a basement wall under the house to adapt it to the change of grade of 1887; and the front of the house seems to have been but two or three feet above the level of the street. In June, 1890, a new grade was established, by which the street in front of the house was cut down fifteen and one-half feet. The persons appointed to appraise the damages allowed the plaintiff nothing, and on appeal to the district court the award was affirmed.

On the trial of the cause David Smeaton testified that the property, before the change of grade, was worth $4,500,

and from $3,000 to $3,200 afterwards.  Anthony Johnson testified to substantially the same facts.   E. F. Seaver testified that the property was worth about $4,150 before the grading and about $2,900 afterwards.   Mark A. Upton placed the value before the grading at $4,500, and after the grading at about $3,000.   Otto Johnson testified that the property was worth before the grading about $4,500, and after such grading about $3,000.    These men are shown to have been well acquainted with the value of real estate in Omaha at the time stated.   The defendant called three witnesses, two of whom were in its employment, one apparently being a professional appraiser, if not a professional witness, who testified, in substance, that the special benefits were about equal to the damages.   When required to particularize as to the benefits they failed to show special benefits that were of any great value.   None of these witnesses testified to facts that showed that the property would be worth more after the grading, and the lot and building lowered to grade, than it would be before the change of grade.   This would seem to be the test.   Is the property, taken as a whole, deducting the cost of lowering the buildings, diminished in value by the improvement?   If it is, the owner should be compensated for the diminution in value.

It is very desirable and commendable even for a city, within reasonable limits, to improve its streets, but it is of equal importance to protect the rights of its citizens.   When a grade is established, a lot owner on such street may justly assume that it was made in good faith, and may build according to grade or raise or lower his buildings to conform to the grade.   If the grade is thereafter changed so that his buildings are left on top of a high bank, it would seem but justice that he should be paid for lowering the same to the second grade, unless the special benefits are clear and manifest and fully equal the damages.   If damages for a material change of grade made from time to time can be paid

for in alleged benefits, it is possible to bankrupt persons of moderate means or greatly injure their financial ability, and they may be required, at the whim or caprice of a municipal council, to raise or lower their buildings to conform to changes which are often unnecessary. The true policy of every municipality and community is to deal justly with all property owners within its boundaries. If the public require the use of private property, or that it shall be damaged for public use, why should not the party who requires this sacrifice for its own benefit bear the burden and pay for the injury? This might impose a slight burden on all the tax-payers, but would be more than compensated by the assurance to every property owner that if his property was taken or injured for public use he would be duly compensated for the injury. In the case at bar the proof clearly shows that the plaintiff has been greatly injured in excess of the special benefits shown by the proof. The verdict, therefore, does not respond to the evidence, and the judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.